# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| EMMANUEL EDOKOBI,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE, *et al.*,<br><br>Defendants. | Civil Action No. TDC-17-3639 |

## MEMORANDUM OPINION

Plaintiff Emmanuel Edokobi has filed suit against 15 individual and organizational defendants including the United States Department of Justice, the United States General Services Administration ("GSA"), the GSA Office of the Inspector General, and ten federal officials (collectively, "the Federal Defendants"); and the Maryland Department of General Services and one Maryland state official (collectively, "the State Defendants"). Edokobi alleges 11 causes of action against Defendants, including violations of Edokobi's rights under the Fourth and Fifth Amendments to the United States Constitution; violations of the Civil Asset Forfeiture Reform Act ("CAFRA"), 18 U.S.C. § 983 (2012), and its regulations; and a state claim of detinue.

Pending before the Court are the State Defendants' Motion to Dismiss and the Federal Defendants' Motion to Dismiss. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motions to Dismiss are GRANTED.

## BACKGROUND

Because the allegations in the Amended Complaint are limited, and much of the factual background of this case is set forth in this Court's September 27, 2018 Memorandum Opinion in *Edokobi v. United States General Services Administration*, Nos. TDC-17-2469, 17-2825, 18-0557, 2018 WL 4639102, at *1–3 (D. Md. Sept. 27, 2018) ("*Edokobi I*"), the Court incorporates by reference that factual background and summarizes only those portions of the history most relevant to the pending Motions and those cases' filings.[1]

On October 14, 2008, Defendant Ronald Dawkins ("SA Dawkins"), then a Special Agent with GSA Office of the Inspector General, submitted an application and affidavit in support of a search warrant in the United States District Court for the District of Maryland. SA Dawkins sought authorization to search Edokobi's residence in Potomac, Maryland for evidence related to the crimes of conspiracy to defraud the United States, theft of government property, tax evasion, and fraud and false statements. In his affidavit, SA Dawkins stated that the evidence was "subject to seizure pursuant to Rule 41 of the Federal Rules of Criminal Procedure." Dawkins Aff. ¶ 35, Am. Compl. Ex. 6, *Edokobi I*, TDC-17-2469 ECF No. 68-6.

United States Magistrate Judge William G. Connelly issued the warrant that same day, and the Court's electronic case management system assigned the search warrant a Magistrate Judge case number, 08-mj-3379-WGC, to consolidate and track filings related to the application for and execution of the search warrant. The case management system also assigned a separate case number to the application for a search warrant for Edokobi's office.

---

[1] The Court takes judicial notice of the public filings in Edokobi's previous cases. Fed. R. Evid. 201(b)(2); *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (stating that a court may take judicial notice of matters of public record).

2

On October 16, 2008, government agents executed the searches and seized various computer equipment, paper records, and identity documents. There is no evidence that following the searches, SA Dawkins or any other law enforcement agent took any action relating to the investigation. There were no further searches conducted, and no criminal charges were filed against Edokobi.

On December 7, 2017, Edokobi filed his Complaint, alleging 28 violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2012). With leave of the Court, Edokobi amended his Complaint on November 20, 2018, abandoning his FOIA claims and instead alleging violations of the Fourth Amendment to the United States Constitution (Counts 5 and 6); violations of the Fifth Amendment (Counts 7 and 9); violations of CAFRA and its regulations (Counts 2, 3, 4, and 8) ("the CAFRA Claims"); a claim for detinue (Count 1); and claims for compensatory and punitive damages (Counts 10 and 11). The claims relate to the failure of Defendants to return the seized property to Edokobi. The State Defendants and Federal Defendants then filed their Motions to Dismiss.

## DISCUSSION

Given the overlap between the arguments in both Motions, the Court will address the issues together. Defendants argue that the Fourth Amendment, Fifth Amendment, and detinue claims are barred by the applicable statutes of limitations; the CAFRA claims are beyond this Court's jurisdiction; and the damages claims are not freestanding claims and are in any event barred by the Eleventh Amendment as to the State Defendants.

### I. Legal Standard

Defendants' statute of limitations argument does not rely upon facts outside the Amended Complaint, so it is properly considered as the subject of a motion to dismiss for failure to state a

claim under Federal Rule of Civil Procedure 12(b)(6). *See Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although courts should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), legal conclusions or conclusory statements do not suffice, *Iqbal*, 556 U.S. at 678. The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005).

## II. Statute of Limitations

Counts 1, 5, 6, 7, and 9 allege a constitutional or state law cause of action arising from Defendants' failure to return to Edokobi the property seized during the October 16, 2008 search. Edokobi asserts that this failure violated his Fourth Amendment right to be free from unreasonable seizures and his Fifth Amendment right to due process and equal protection of the law. He also alleges that Defendants "Violated Md. Code Ann., Cts. & Jud. Proc. § 11-104(a)9(b) [sic], § 11-104, DETINUE by Defendants' Failure to Return Plaintiff's Personal and Business Assets/Properties AFTER Defendants Closed those Criminal Cases." Am. Compl. ¶ 45, ECF No. 17.

Edokobi's Fourth and Fifth Amendment claims are brought under 42 U.S.C. § 1983 ("§ 1983"). Section 1983 does not contain its own statute of limitations, so courts must apply the statute of limitations from the most analogous state law cause of action. *Owens v. Balt. City State's Atty's Office*, 767 F.3d 379, 388 (4th Cir. 2014). Where the operative events in this case generally

4

occurred in Maryland, the Court applies Maryland's three-year statute of limitations for civil actions to § 1983 claims. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-101 (West 2011); *Owens*, 767 F.3d at 388. This three-year limitations period also applies to Edokobi's detinue claim. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-101; *Durst v. Durst*, 169 A.2d 755, 757 (Md. 1961) (applying the three-year limitations period to a detinue action).

Although state law provides the limitations period for Edokobi's claims, federal law controls when those claims accrue. *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995). Under federal law, "a cause of action accrues when the plaintiff possesses sufficient facts about the harm done . . . that reasonable inquiry will reveal his cause of action." *Id.* Under this standard, the cause of action accrues when the plaintiff has actual knowledge of his claim or when he is put on notice, such as by the knowledge of the fact of injury and who caused it, such that the plaintiff could "make reasonable inquiry and that inquiry would reveal the existence of a colorable claim." *Id.*

Based on the three-year statute of limitations, these causes of actions are time-barred because they accrued more than three years before the date of the original Complaint, December 7, 2014. The Amended Complaint does not describe any action by any Defendant after the October 16, 2008 search. As discussed in the September 27, 2018 Memorandum Opinion, because Edokobi was present at the search and received a copy of the search warrant, he was aware of the search at that time and of the identity of some of the law enforcement agents involved in it. *Edokobi I*, 2018 WL 4639102, at *4. Moreover, from the beginning, Edokobi was aware of the operative facts of his claim because all along, he has maintained that the search was improper and that he has been unlawfully deprived of his property. *Id.*; *Triestman v. Probst*, 897 F. Supp. 48, 50 (N.D.N.Y. 1995) (holding that claims alleging unlawful search and seizure accrue on the date of the search

and seizure because the plaintiff "should have been aware when the search warrant was presented and the search was executed . . . that there was a possible violation of his rights"); *Lewis v. Clark*, 534 F. Supp. 714, 716–17 (D. Md. 1982) (finding a suit time-barred despite officers admitting to planting drugs in the plaintiff's house because at the time of the search, the plaintiff was aware of the facts giving rise to her cause of action)). Thus, Edokobi's causes of action accrued when he received notice of the search and his property was seized on October 16, 2008.

To the extent Edokobi claims that his injury consists of the failure to return his property once it was not deemed to be evidence in support of a criminal prosecution, the statute of limitations begins to run when "the plaintiff has, or ought to have, answers to two questions: Am I injured? Who injured me?" *Childers Oil Co. v. Exxon Corp.*, 960 F.2d 1265, 1272 (4th Cir. 1992). "[O]ne who knows that an injurious tort has been committed against him may not delay the filing of [a] suit until the time, however long, when [the individual] learns the precise extent of the damage resulting from the tort." *Portis v. United States*, 483 F.2d 670, 672 (4th Cir. 1973), *overruled on other grounds*, *United States v. Kubrick*, 444 U.S. 111 (1979). Because federal crimes have a statute of limitations of five years, 18 U.S.C. § 3282(a) (2012), the period during which there was uncertainty whether Edokobi's property should be returned to him ended on October 16, 2013. At that point, it was clear that the investigation into Edokobi would not result in criminal charges, he was entitled to the return of his property, and he had three years to file a claim for it. Edokobi, however, did not file these claims relating to the deprivation of his property until December 7, 2017. Thus, Counts 1, 5, 6, 7, and 9 are time-barred.

Edokobi makes three arguments as to why his claims are not time-barred, or if they are, why they should not be dismissed. First, he argues that the claim of detinue "Does Not Provide for Dismissal Under Statutes of Limitations." Opp'n Fed. Defs.' Mot. Dismiss ¶ 34, ECF No. 50.

Although it is true that the Maryland detinue statute does not provide a limitations period, the Court of Appeals of Maryland has held that a detinue action is subject to Maryland's three-year statute of limitations. *Durst*, 169 A.2d at 757.

Second, Edokobi appears to claim that the statute of limitations was tolled because he sent demand letters to senior government officials in October 2012 and June 2015. This Court has already addressed this argument in Edokobi's previous cases, finding these letters "to be ill-advised efforts to seek relief without filing a lawsuit and thus provide no grounds for excusing a failure to file a complaint within the limitations period." *Edokobi I*, 2018 WL 4639102, at *7. Edokobi has provided no basis to cause the Court to revisit this ruling.

Finally, Edokobi asserts that the statute of limitations began to run on August 6, 2018, the date on which the Court closed the cases that were originally opened by the Court's electronic case management system to track filings related to the search warrants. As discussed above, however, where Edokobi has maintained his innocence from the date of the search and thus knew his property was improperly seized, and the limitations period during which the Government could have considered charges had expired, he was on notice of the existence of a colorable claim no later than October 2013. The Motions will therefore be granted as to the constitutional claims and the detinue claim, which are time-barred.

### III. CAFRA

In Counts 2, 3, 4, and 8 of the Amended Complaint, Edokobi alleges violations of CAFRA and its notice regulations. Defendants contend that CAFRA does not apply to Edokobi's case because his property was not seized for forfeiture purposes. Although Defendants frame the issue as one of jurisdiction, they fail to identify any explicit jurisdictional language in CAFRA or otherwise articulate why these claims fail for lack of subject matter jurisdiction. *See Fort Bend*

*Cty. v. Davis*, 139 S. Ct. 1843, 1848–50 (2019). In any event, the Court agrees that Edokobi has failed to state a claim under CAFRA because his property was not seized, held, or retained based on administrative forfeiture under CAFRA.

Under CAFRA, to the extent that the Government seeks to retain property through nonjudicial civil forfeiture, it must provide notice to interested parties as soon as practicable and no later than 60 days after the seizure occurs. 18 U.S.C. § 983(a)(1)(A)(i). After receiving notice, a person with an interest in the property may file a claim with the relevant agency. 18 U.S.C. § 983(a)(2)(A). Upon receipt of a claim, the Government must file a complaint for a judicial civil forfeiture action within 90 days, unless a court extends the deadline, or return the property. 18 U.S.C. § 983(a)(3)(A). If notice is provided but no claims are filed, the Government may declare the property forfeited without any judicial process. 28 C.F.R. § 8.12. If a person entitled to notice of the nonjudicial forfeiture does not receive such notice, the "exclusive remedy" for challenging a forfeiture on grounds of improper notice is by filing a motion to set aside a declaration of forfeiture. 18 U.S.C. § 983(e)(1), (5).

When property is seized pursuant to a search warrant and not seized or retained for purposes of civil forfeiture, Federal Rule of Criminal Procedure 41(g) applies. *Celata v. United States*, 334 F. App'x 801, 802 (9th Cir. 2009); *United States v. Eubanks*, 169 F.3d 672, 674 (11th Cir. 1999) (referencing former Rule 41(e), the predecessor provision to Rule 41(g)). Under Rule 41(g), a person aggrieved "by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g).

Here, Edokobi's property was seized and held pursuant to a valid search warrant as potential evidence in a criminal case. Indeed, SA Dawkins' affidavit stated that the property was seized as evidence of criminal activity "pursuant to Rule 41 of the Federal Rules of Criminal

8

Procedure." Dawkins Aff. ¶ 35. Edokobi has not alleged facts that would support a plausible claim that the property was seized and held for purposes of civil forfeiture. Thus, he has failed to state a claim for relief under CAFRA, such that his claims under that statute and its regulations will be dismissed.

**IV. Damages**

Although Edokobi has asserted two counts seeking damages, in Counts 10 and 11, those allegations do not constitute freestanding causes of action. Where all of Edokobi's substantive claims are subject to dismissal, he has no basis upon which to seek damages.

To the extent that Edokobi seeks damages as compensation for the seized property, the Court notes that any such claim cannot succeed because of sovereign immunity. As discussed above, the proper mechanism to seek the return of Edokobi's property would be Rule 41(g). However, sovereign immunity deprives courts of jurisdiction to award monetary damages, and Rule 41(g) "does not contain a waiver of sovereign immunity." *United States v. Jones*, 225 F.3d 468, 469–70 (4th Cir. 2000) (interpreting the predecessor provision in Rule 41(e)). Thus, Edokobi's request for damages, if construed as a cause of action, must be dismissed. *See id.*

## CONCLUSION

For the foregoing reasons, the State Defendants' and Federal Defendants' Motions to Dismiss will be GRANTED. A separate Order shall issue.

Date: August 19, 2019

                                         THEODORE D. CHUANG
                                         United States District Judge